FILED

2010 Feb-23  AM 09:45
U.S. DISTRICT COURT
N.D. OF ALABAMA



# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **DAVID CONNOR,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| **vs.** | ) | Civil Action Number |
| | ) | **2:09-cv-01683-AKK** |
| **ALABAMA DEPARTMENT OF** | ) | |
| **CORRECTIONS, CARL** | ) | |
| **SANDERS, RALPH HOOKS,** | ) | |
| **RICHARD CARTER, and** | ) | |
| **RICHARD ALLEN,** | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

## I.  BACKGROUND

This is an action brought under 42 U.S.C. §§ 2000e for discrimination based

on race and for retaliation.[1]  Plaintiff David Connor ("plaintiff") filed a complaint

against the Alabama Department of Corrections and four Department of

---

[1]Plaintiff also asserts causes of action under regulations promulgated by the Alabama
Department of Corrections and the St. Clair Correctional Facility.  Because this court determines
that plaintiff's federal claims must be dismissed, the court does not consider whether the plaintiff
can properly bring a state claim based on alleged violations of these regulations.  However, this
dismissal has no impact on these claims.  Rather, the court simply chooses not to exercise
supplemental jurisdiction over these state law claims.  Plaintiff is free to pursue them in state
court if he so chooses.

Corrections employees (collectively, "defendants") on August 21, 2009, (doc. 1), and an amended complaint on September 28, 2009, (doc. 4). Plaintiff alleges that he was employed by the Alabama Department of Corrections from August 2001 until either March 7, 2009 or March 9, 2007. (Doc. 4 at 1-2). He alleges that defendant Sanders withheld resources required to perform his job, unfairly disciplined him, and retaliated against him after plaintiff complained to Sanders' supervisor. (Doc. 4 at 3.) Plaintiff further alleges that defendants Ralph Hooks and Richard Carter improperly interfered in a disciplinary proceeding involving plaintiff. (Doc. 4 at 3-4.) Finally, plaintiff alleges that defendant Richard Allen failed to act on a complaint he filed that alleged discrimination and harassment. (Doc. 4 at 4.)

Defendants moved to dismiss the amended complaint pursuant to Fed. R. Civ. P. 12(b)(6) on September 30, 2009, based in part on plaintiff's failure to allege receipt of a right-to-sue letter from the Equal Employment Opportunity Commission ("EEOC").[2] (Doc. 5 at 2). Plaintiff responded on November 13, 2009 but did not attach a right-to-sue letter. (Doc. 7). On its own motion and

---

[2] Defendants' motion to dismiss provides a laundry list of potential bases for dismissal under Rule 12(b)(6) with little to no factual or legal citation. Defendants do, however, specifically argue that plaintiff has neither alleged nor provided evidence that he was granted a right to sue by the EEOC. Therefore, the court confines its decision to this issue.

consistent with the Initial Uniform Scheduling Order, (doc. 9), this court ordered plaintiff to file with the court by February 19, 2010: (1) a copy of all charges of discrimination filed with the EEOC, and (2) a copy of the EEOC's response to all such charges of discrimination, including the notice of right to sue.[3]  (Doc. 12). Plaintiff responded on February 17, 2010.  (Doc. 14).  In response to plaintiff's submission, the defendants filed a Supplemental Motion to Dismiss, again arguing that plaintiff failed to establish the he received a right-to-sue letter from the EEOC.  (Doc. 15).

## II.  MOTION TO DISMISS STANDARD

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits dismissal for "failure to state a claim upon which relief can be granted."  When considering a

---

[3]Plaintiff's response to defendants' motion to dismiss strongly suggested that he had not filed charges of discrimination with the EEOC and/or received a right-to-sue letter. Specifically plaintiff stated:

> On May 2, 2007 a claim was filed with the EEOC.  However the Plaintiff filed an appeal with the Montgomery Personnal [sic] Board seeking relief of the discriminatory practices.  The 180 days requirement overlapped [sic] to file the EEOC claim during this appeal process.  It would place an undue burden on the plaintiff to process this claim with the EEOC, and as such this court does not legally need the EEOC to rule on matter of Civil Rights Violations.

(Doc. 7 at 2).  Nevertheless, because plaintiff's response indicated that he may have communicated with the EEOC, the court determined that plaintiff, who is *pro se*, should be afforded another opportunity to present his EEOC charges or right-to-sue letter, if he possessed either.  The court therefore ordered him to file the same with the court.

motion to dismiss under Rule 12(b)(6), the court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (1974). The "complaint's allegations must be taken as true and read in the light most favorable to the plaintiff[]." *Linder v. Portocarrero*, 963 F.2d 332, 334 (11th Cir. 1992). "Under Rule 12(b)(6), the party moving for dismissal has the burden of proving that no claim has been stated." 2 James WM. Moore, *Moore's Federal Practice* § 12.34(1)(a) (3d ed. 2009).

## III. ANALYSIS

At issue in the motion to dismiss is whether plaintiff exhausted his administrative remedies before filing a civil action in the Northern District of Alabama. Before a plaintiff may pursue a Title VII discrimination or retaliation claim, he must first file a timely charge of discrimination with the EEOC. *Wilkerson v. Grinnell Corp.*, 270 F.3d 1314, 1317 (11th Cir. 2001) (citing 42 U.S.C. § 2000e-5(b)). In a non-deferral state such as Alabama, petitioner must file the charge within 180 days of the last discriminatory act. *Id.*; *Ledbetter v. Goodyear Tire & Rubber Co.*, 421 F.3d 1169, 1178 (11th Cir. 2005) (explaining that Alabama is a non-deferral state). After filing a timely charge of discrimination with the EEOC, the EEOC will decide whether to prosecute the

charge.  If it elects not to prosecute, the EEOC must notify the petitioner of his right to initiate a private enforcement lawsuit.  The plaintiff then has ninety days from the receipt of such notice to bring a civil action.  42 U.S.C. § 2000e-5(f)(1); *Santini v. Cleveland Clinic Fla.*, 232 F.3d 823, 826 (11th Cir. 1996).

Defendants request dismissal of this action based, *inter alia*, on plaintiff's failure to exhaust his administrative remedies, noting specifically that plaintiff's amended complaint failed to allege receipt of a right-to-sue letter from the EEOC. (Doc. 5 at 2).  Because defendants contest the timely filing of this action, the burden shifts to plaintiff to establish that he filed his complaint within ninety days of exhausting his administrative remedies.  *Green v. Union Foundry Co.*, 281 F.3d 1229, 1233-34 (11th Cir. 2002).  "If the defendant contests this issue, the plaintiff has the burden of establishing that he met the ninety day filing requirement."  *Id.* at 1234 (granting summary judgment for defendant when plaintiff filed his complaint ninety-seven days after receipt of the EEOC's letter); *Padilla v. N. Broward Hosp. Dist.*, 270 Fed. Appx. 966, 972 (11th Cir. 2008) (affirming summary judgment when plaintiff filed federal action three years after receiving right-to-sue letter).

Plaintiff did not allege receipt of a right-to-sue letter in his complaint or amended complaint.  Nor has he attached any documents indicating that he has

exhausted his remedies or received a right-to-sue letter within ninety days prior to filing this suit.  Moreover, when ordered by the court to produce his EEOC charge and right-to-sue letter, he informed the court that he sent the EEOC a letter on March 19, 2007, to which the EEOC replied on May 2, 2007.  (Doc. 14 at 1).  The EEOC's letter, which plaintiff attached to his response, merely explains that the EEOC is responsible for the enforcement of laws prohibiting employment discrimination and further states that plaintiff must file a charge of employment discrimination within 180 days of learning of the alleged discriminatory act if he wishes the EEOC to investigate.  It is clear from the EEOC's letter that, as of May 2, 2007, plaintiff had not filed a charge of discrimination with the EEOC.  (Doc. 14 at 3).  Plaintiff's response further states that he elected not to "pursue this inquiry with the EEOC" and, instead, decided to pursue state administrative remedies.  (Doc. 14 at 1).  Furthermore, plaintiff states that the EEOC never made a "formal investigation" and acknowledges that the 180 days in which to file a charge of discrimination with the EEOC have elapsed.  (Doc. 14 at 1). Consequently, reading the amended complaint and the additional information plaintiff produced in the light most favorable to the plaintiff, it is clear that he has not complied with Title VII's prerequisite requirements.

Plaintiff suggests that the court should excuse his failure to file a charge of

discrimination with the EEOC because he elected to pursue state remedies and it would have caused an "undue burden" to require him to pursue simultaneously his charge with the EEOC.  (Doc. 7 at 2; Doc. 14 at 1).  Unfortunately for plaintiff, the pursuit of other remedies does not affect an employee's duty to assert Title VII claims within applicable periods of limitations.  *Jones v. Wynne*, 266 Fed. Appx. 903, 906 (11th Cir. 2008).  By law, plaintiff can only pursue a Title VII claim if (1) he filed a timely EEOC charge, and (2) he filed his lawsuit within ninety days of receipt of his right to sue.  Neither requirement exists here.  Federal courts have strictly enforced Title VII's statutory requirements and the plaintiff has presented no reason that would permit this court to disregard these requirements.[4]  *See Baldwin County Welcome Ctr. v. Brown*, 466 U.S. 147, 151 (1984) (per curiam) ("Procedural requirements established by Congress for gaining access to the federal courts are not to be disregarded by courts out of a vague sympathy for particular litigants.").

Consequently, this court finds that plaintiff has failed to establish that he

---

[4]The Eleventh Circuit recognizes "three distinct situations in which the Title VII limitation periods may be equitably tolled: (1) during the pendency of an action against the same parties and involving the same cause of action in a state court which had jurisdiction over the subject matter of the suit but was the wrong forum under state law; (2) when the defendant concealed facts that support the plaintiff's cause of action, until such time as the plaintiff knew or should have known of these facts; and (3) when the EEOC misleads a complainant about the nature of his rights under Title VII." *Jones*, 266 Fed. Appx. at 906 (citations omitted).  None of these circumstances are present here.

exhausted his administrative remedies as required by Title VII.  The defendants'

motion to dismiss is therefore GRANTED and this case is DISMISSED WITH

PREJUDICE.

DONE this 22nd day of February, 2010.


_____

**ABDUL K. KALLON**
UNITED STATES DISTRICT JUDGE